## KID KELLEY v. UNITED STATES.

No. 728, Ind. T.   Opinion Filed November 18, 1909.

(104 Pac. 922.)

**COURTS—Jurisdiction—Criminal Court of Appeals as Successor to Territorial Court.** The Criminal Court of Appeals of Oklahoma, as the successor to the United States Court of Appeals of the Indian Territory in all criminal causes pending therein not transferred to the United States Circuit or District Courts for the state of Oklahoma, did not acquire jurisdiction of a capital case, where a final decision had been rendered by said federal court several weeks prior to the admission of Oklahoma as a state, in which cause no motion or petition for rehearing had been filed, or was pending, and wherein a writ of error had apparently been allowed to the United States Circuit Court of Appeals of the Eighth Circuit.

(Syllabus by the Court.)

*Error from the United States Court for the Southern District of the Indian Territory; Hosea Townsend, Judge.*

Kid Kelley was convicted of murder, and appealed to the United States Court of Appeals, whence the cause was transferred to the Supreme Court of the State of Oklahoma, and thence to the Criminal Court of Appeals.   Cause stricken from docket.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

PER CURIAM. Appellant Kid Kelley was indicted, tried, and convicted of murder, and sentence of death was pronounced against him.   The killing occurred at Tishomingo on January 11, 1904.   From the judgment and sentence an appeal was taken to the United States Court of Appeals for the Indian Territory.   On September 26, 1907, the judgment of the lower court was affirmed in an opinion rendered by Clayton, Justice, in which Gill, Chief Justice, and Lawrence, Justice, concurred.   From this judgment it appears that a writ of error was allowed on October 10, 1907, to the United States Circuit Court of Appeals for the Eighth Circuit, and on said day it appears from the files the following order staying execution was made:

"United States Court of Appeals in the Indian Territory, Kid Kelley, Plaintiff in Error, v. United States, Defendant in Error. Stay of Execution. Whereas, lately at the September, A. D. 1907, term of United States Court of Appeals for the Indian Territory at South McAlester in a suit pending in said court between Kid Kelley, plaintiff in error, and the United States, defendant in error, a judgment and sentence was rendered against the said Kid Kelley and the said Kid Kelley has obtained a writ of error to the United States Circuit Court of Appeals for the Eighth Circuit at St. Louis, Missouri, to reverse the judgment and sentence in the aforesaid suit and the citation directed to the United States of American citing and admonishing the United States of America to be and appear in the United States Court of Appeals in the Eighth Circuit at the City of St. Louis, Missouri, sixty days from and after the date of said citation; which citation has been duly served. It is therefore ordered and directed that the execution of said judgment and sentence be and the same is hereby stayed and superseded subject to the order and judgment of the United States Circuit Court of Appeals for the Eighth Circuit at St. Louis. Dated this 10th day of October, 1907. W. H. H. Clayton, Judge of the United States Court of Appeals in the Indian Territory."

Upon the admission of Oklahoma the files in said cause were transferred to the Supreme Court of the state of Oklahoma, and upon the organization of the Criminal Court of Appeals were transferred by the Supreme Court to this court.

On April 1, 1909, the Attorney General filed a motion to strike said cause from the docket, which motion is as follows:

"Comes now the Attorney General, and informs the court that he is advised that this cause is inadvertently and erroneously upon the docket, in that final decision had been rendered by the United States Court of Appeals of Indian Territory prior to statehood; the said court at the time of said decision having full, jurisdiction of the subject-matter of the action. He therefore suggests and recommends that the said cause be stricken from the docket of this court as improvidently thereon."

From our examination of the files and records in the case we must conclude that the Supreme Court of Oklahoma or this court has never acquired jurisdiction in said cause, as no motion or petition for rehearing appears to have been filed in the case before

the United States Court of Appeals for the Indian Territory, and apparently a writ of error was obtained to the United States Court of Appeals for the Eighth Circuit at St. Louis.

The motion of the Attorney General is allowed. It is therefore by the court ordered that said cause be stricken from the docket.